GLD-284                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4492
_____

COREY RICHARD HORNE,
                                           Appellant

v.

DISTRICT ATTORNEY YORK COUNTY; MARY SABOL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-01378)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 28, 2012)

_____

OPINION
_____

PER CURIAM

Corey Horne, proceeding pro se, appeals from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his civil rights action

brought pursuant to 42 U.S.C. § 1983.  Because this appeal does not present a substantial

question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Horne is currently incarcerated at the York County Prison ("YCP") in York, Pennsylvania. It appears that he had been serving a Maryland sentence for armed robbery when, in March 2010, he was extradited to Franklin County, Pennsylvania, to face robbery charges there. In December 2010, he was convicted in the Franklin County Court of Common Pleas and sentenced to six to fifteen years of imprisonment. Later that month, he was transferred to York County to face additional robbery charges. The York County Court of Common Pleas subsequently dismissed those charges, however, on the ground that the Commonwealth had failed to bring Horne to trial within the period mandated by the Interstate Agreement on Detainers. The Commonwealth appealed this ruling, and Horne remained in custody at the YCP.

In July 2011, while the appeal was pending,[1] Horne commenced this civil rights action against York County District Attorney Thomas Kearney and YCP Warden Mary Sabol (the "York County Defendants"), claiming that his prolonged detention at the YCP had caused him "great stress[,] uncontrolled high blood pressure[,] and depression."[2] (Compl. at ¶ 3.) Horne further alleged that he has been unable to earn good conduct

---

[1] The Commonwealth was ultimately successful on appeal, and Horne proceeded to trial on the robbery charges. A jury found him guilty on April 11, 2012. As of the date of this opinion, Horne's appeal is currently pending in the Superior Court.

[2] In June 2011, Horne filed a petition pursuant to 28 U.S.C. § 2254 in the District Court challenging the lawfulness of his continued confinement at the YCP. On August 16, 2011, the District Court dismissed the petition without prejudice to Horne's right to re-file it after he had exhausted his claims in state court.

2

credits toward his Maryland sentence while incarcerated at the YCP, and that he was precluded from appearing at a hearing in Maryland in support of his post-conviction petition. Horne sought $100,000 in punitive damages and $500 a day "for every day of caused maximized anxiety and the additional time to be served by the plaintiff on his Maryland Sentence, total amount to be determined by the court." (Compl. at 3.)

The York County Defendants moved to dismiss the complaint, arguing, inter alia, that they were shielded from suit by the doctrines of prosecutorial and absolute immunity. A Magistrate Judge determined that the defendants were immune from individual liability and that the claims against them in their official capacities were barred by the Eleventh Amendment. The District Court adopted the Magistrate Judge's Report and Recommendation, granted the York County Defendants' motion, and dismissed the complaint. This appeal followed.[3]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal order. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[3] After filing his notice of appeal, Horne filed a motion for reconsideration and other related motions in the District Court. The District Court denied these motions by order entered June 13, 2012. Because Horne has not filed a notice of appeal from that

3

The District Court properly granted the York County Defendants' motion to dismiss. First, the District Court correctly concluded that Horne's claims against the York County Defendants in their official capacities are prohibited by the Eleventh Amendment. See Kimel v. Flordia Bd. of Regents, 528 U.S. 62, 73 (2000); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). The District Court also correctly concluded that, insofar as all of Horne's allegations against D.A. Kearney concern actions he took in his role as an advocate for the Commonwealth, he was entitled to prosecutorial immunity from Horne's suit. See Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Similarly, given that Warden Sabol was acting pursuant to a facially valid court order in retaining custody over Horne, the District Court correctly concluded that she was also immune from Horne's suit. See Wolfe v. City of Pittsburgh, 140 F.3d 236, 240 (3d Cir. 1998).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.

---

order, we do not have jurisdiction to review it. See Fed. R. App. P. 4(a)(4)(B)(ii).